[No. B037526. Second Dist., Div. Two. June 5, 1989.]

FRANCISCO NUNEZ et al., Plaintiffs and Appellants, v. ANDRE R'BIBO, Defendant and Respondent.

### COUNSEL

Ralph R. Benson for Plaintiffs and Appellants.

Mommaerts & Rutledge and Jeffrey D. Hathaway for Defendant and Respondent.

### OPINION

**ROTH, P. J.**—Francisco Nunez appeals from the summary judgment in favor of defendant Andre R'Bibo. The question is whether appellant's claim for negligence and premises liability is negated by the doctrine of implied assumption of the risk. Concluding that the answer is "yes," we affirm.

█ The summary judgment motion is used to determine the existence of triable issues of material fact. The motion should be granted if the moving party is entitled to judgment as a matter of law. (*Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 134 [211 Cal.Rptr. 356, 695 P.2d 653].)

Appellant was a self-employed gardener. Respondent was one of his clients. In May 1986, respondent asked appellant to trim the branches of some trees in front of his house. Appellant agreed to do the job. He asked to

borrow respondent's ladder, which was taller than his own; respondent assented.

Appellant went to respondent's house with his cousin, Daniel Nunez, on May 26. They retrieved respondent's ladder from the garage. Each of them noticed that the ladder was "shaky" or "loose." They considered the ladder dangerous. Appellant leaned the ladder against the trees in order to climb onto the branches. From this vantage point at the trunk he used a chain saw to dismember the trees. On the ground, Daniel Nunez cut the branches into smaller pieces with a second chain saw. Respondent was not present when appellant and Daniel trimmed the tree on May 26.

Respondent was not entirely satisfied with the work performed; there was at least one more branch that he wanted trimmed, away from the trunk. Consequently, appellant and Daniel returned to respondent's residence two days later, on May 28, 1986. Again, respondent was not present.

They again took respondent's ladder from the garage, again noticing its wobbly condition. They set it up under the tree in a freestanding posture, standing on the concrete sidewalk or driveway. Appellant climbed to the top or penultimate step of the ladder, started the chain saw, and extended his arms over his head. He started cutting a length of the limb about 15 to 16 feet long.

When the branch was partially severed, it suddenly swung down, striking the ladder. The ladder and appellant fell to the ground. Appellant sustained severe head and back injuries.

On October 3, 1986, appellant filed his action for product liability,[1] premises liability, general negligence, and loss of consortium.[2]

Respondent moved for summary judgment, which was granted on August 4, 1988. Appellant's motion for reconsideration was denied on September 14, 1988. This appeal followed.

 Appellant contends that the doctrine of implied assumption of risk does not operate to bar his complaint. We disagree.

The relevant principles were discussed at length in *Ordway* v. *Superior Court* (1988) 198 Cal.App.3d 98 [243 Cal.Rptr. 536]. Comparative negligence has not abolished reasonable implied assumption of risk. (*Id.* at

---

[1] Appellant seems to have abandoned on appeal his claim for products liability.
[2] The loss of consortium claim was brought by appellant's wife, Mercedes Nunez.

p. 102.) "The doctrine of reasonable implied assumption of risk is only another way of stating that the defendant's duty of care has been reduced in proportion to the hazards attendant to the event. Where no duty of care is owed with respect to a particular mishap, there can be no breach; consequently, as a matter law, a personal injury plaintiff who has voluntarily—and reasonably—assumed the risk cannot prevail. Or stated another way, the individual who knowingly and voluntarily assumes a risk, whether for recreational enjoyment, economic reward, or some similar purpose, is deemed to have agreed to reduce the defendant's duty of care." (*Id.* at p. 104.)

■ We find a reasonable assumption of risk by appellant in the case at bench. Appellant was an experienced gardener. Both he and his assistant Daniel immediately noted the ladder's rickety condition, before setting a foot on it. Appellant asked respondent's permission to use the ladder; respondent did not require appellant to use it. Appellant did not buy or borrow a sturdier ladder. Appellant sawed off a single 15- to 16-foot section of branch, rather than cut the branch in smaller, safer sections. Any danger inherent in the operation was obvious, not obscure or concealed. These undisputed facts render the assumption of risk analysis applicable to the case at bench, and bar recovery.

Appellant seeks to avoid this conclusion by pointing out that reasonable assumption of risk does not apply to a nonvoluntary or coerced undertaking. While we agree with that statement of law, it does not help appellant.

To support his position appellant cites Daniel's declaration submitted in opposition to the motion for summary judgment. Daniel stated when respondent asked appellant to trim the tree limb further away from the trunk, appellant protested that would be too dangerous; but respondent said that "he did not care and that [appellant] and I should just cut the branches."

This portion of Daniel's declaration is contradicted by his earlier deposition testimony in which Daniel stated that he was not present at the conversation in question, and did not overhear it. This deposition evidence is corroborated by appellant's deposition. ■ Not all forms of evidence in connection with a summary judgment motion are of equal weight. When a defendant can establish a part of his defense with the admissions offered by plaintiff, the admissions are considered so valuable that contradictory affidavits may be disregarded. (*Leasman* v. *Beech Aircraft Corp.* (1975) 48 Cal.App.3d 376, 382 [121 Cal.Rptr. 768].) The trial court implicitly favored Daniel's deposition over his declaration, and we find no abuse of discretion in doing so.

■ In support of the motion for reconsideration based on new facts, appellant submitted a second declaration by Daniel, in which Daniel states for the first time that respondent told appellant to trim the tree his way or respondent would not pay appellant for the previous day's work. This statement suffers from the same defect as the first: it is contradicted by Daniel's deposition testimony. Moreover, in addition to new evidence, the moving party must also provide a satisfactory explanation for the failure to produce the new evidence at an earlier time. (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1012-1013 [183 Cal.Rptr. 594].) Appellant offered no such explanation. The trial court in its minute order denying the motion for reconsideration characterized Daniel's second declaration as "questionable." We perceive no ground for disagreement.

Appellant made the following statements in his deposition:

"Q. What did you tell him when he said he wasn't happy with the trees?

"A. Well, we didn't discuss it very much. We just talked about the agreement that we had, that I would just chop—I would trim the trees up to that point and he said he wasn't happy with it, and I myself was not happy with the fact that he was telling me that I had to do this other work.

"Q. Did you tell him that you would go back and cut the tree?

"A. Yes.

"Q. Now, was he going to pay you for cutting the tree?

"A. The first time I went?

"Q. No. When he called you and said he wasn't happy.

"A. Well, no. He just said he—it was for what he was paying me, and so I had to go."

This is not a refusal by respondent to pay unless appellant did additional work in a dangerous manner, but merely a statement that all tree trimming was included in the previously settled fee.

We conclude that the assumption of risk doctrine was correctly applied in this case.

We are sympathetic to appellant's plight. However, the fact that appellant was injured while on respondent's property does not mean that

respondent was to blame. Sometimes people are hurt in accidents, and the consequent loss must remain where it falls. The temptation to displace responsibility to another, particularly to a man of means, might be extremely seductive—but not necessarily justified.

The judgment is affirmed.

Gates, J., and Fukuto, J., concurred.

A petition for a rehearing was denied July 6, 1989, and appellants' petition for review by the Supreme Court was denied August 23, 1989.