Filed 1/29/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROBERT FAZIO, JR., | D063147 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2011-00098387) |
| FAIRBANKS RANCH COUNTRY CLUB, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge. Reversed.

Brentwood Legal Services and Steven L. Zelig for Plaintiff and Appellant.

Daley & Heft, Lee H. Roistacher, Robert H. Quayle IV and Stephanie M. Skees, for Defendant and Respondent.

Robert Fazio, Jr., appeals from summary judgment entered in favor of defendant Fairbanks Ranch Country Club (Fairbanks). Fazio, a professional musician, filed a lawsuit against Fairbanks claiming negligence after he fell from a stage on Fairbanks's property before a performance. Fairbanks argued in its motion for summary judgment, among other things, that as a musician who regularly performed on stage Fazio assumed

the risk of falling. On appeal, Fazio claims the trial court erred by granting Fairbanks's motion because a triable issue of fact exists as to whether Fairbanks constructed the stage in a way that unreasonably increased the risk of falling. We agree summary judgment was improper and reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Fazio is an experienced musician who had performed on stage many times before this incident. He was employed by a booking agency, Wayne Foster Entertainment Productions, to perform with a band of other musicians at Fairbanks's country club on April 10, 2010. Fazio arrived at the country club around 3:30 p.m. and began setting up his equipment, including an amplifier for his bass guitar, on stage. The stage, which was owned by Fairbanks and put together that day by Fairbanks's employees, consisted of four rows of rectangular platforms, called risers. Each riser was approximately two feet tall and three to four feet wide.

The rows of risers were set up in a corner of the ballroom surrounded by windows. To fit the stage into the corner, each row was narrower than the last, leaving triangular gaps at the end of each row between the walls and the risers. At the time Fazio was setting up his equipment the lights in the room were off, so the only lighting was the natural light coming from the windows. Around 4:00 p.m., as he was connecting wires to his amplifier, Fazio stepped off the side of the stage and fell into one of the gaps.

Fazio was seriously injured by the fall and, as a result, brought suit against Fairbanks alleging a single negligence cause of action. Fazio's complaint states on

2

"April 10, 2010, Mr. Fazio was acting in the capacity as a musician at a performance at . . . [Fairbanks]. On this date, Mr. Fazio was severely injured when he fell in a defective and dangerous area of the stage, of which he had no prior knowledge." Fazio also alleged "[t]he premises were negligently maintained."

After conducting discovery, Fairbanks brought its motion for summary judgment. Fairbanks argued it owed no duty to Fazio because (1) he assumed the risk of his injuries, (2) Fairbanks had no duty to configure the stage in any particular way, and (3) the allegedly dangerous condition was obvious and known to Fazio. Fairbanks also contended summary judgment was appropriate because the stage was not dangerous as a matter of law and the configuration of the stage did not cause Fazio to fall. Fazio opposed the motion, arguing the doctrine of assumption of the risk did not apply in this context and asserting there were triable issues of fact as to whether Fairbanks exercised ordinary care in the construction and placement of the stage.

In support of his opposition, Fazio submitted the expert declaration of Rick Herns, owner of a successful event production company. Herns is experienced in constructing event stages and was "familiar with the standard of care applicable [to the] way a stage is to be properly assembled, used and maintained[,] as well as the proper area in which the stage should be placed . . . ." Herns stated he had never assembled "a stage with such significant gaps" at the sides and opined the configuration of the stage fell below the required standard of care. He concluded that in his professional opinion Fairbanks "failed to exercise ordinary care in the placement and configuration of the premises in which the stage was placed which created an unreasonable risk of harm to Mr. Fazio."

3

After a hearing, the trial court issued its order granting summary judgment.  The court found the doctrine of primary assumption of the risk barred Fazio's claim.  The court rejected Fazio's contention that the gaps at the side of the stage increased the risk of falling, finding "[t]here is no admissible evidence to create a triable issue whether defendant increased the risks of performing on a stage beyond the inherent risk."  Fazio filed a motion for a new trial, which the court denied.

DISCUSSION

On appeal, Fazio contends the doctrine of assumption of the risk does not apply to his occupation.  Additionally, he argues Fairbanks failed to meet its burden on summary judgment to show there are no triable issues of fact.

I

"A defendant moving for summary judgment based upon an affirmative defense, as here, bears an overall burden of persuasion that there is a complete defense to the plaintiff's action . . . ."  (*Rancho Viejo LLC v. Tres Amigos Viejos LLC* (2002) 100 Cal.App.4th 550, 557.)   In other words, the defendant must persuade the court there is no triable issue of fact as to that defense.  (*Id*. at p. 558.)  In meeting the burden of persuasion, the defendant "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact" as to the defense.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  "Once the defendant has met that initial burden of production, the burden shifts to the plaintiff to present evidence showing the existence of a triable issue of one or more material facts as to that defense."  (*Rancho Viejo LLC v. Tres Amigos Viejos LLC, supra*, at p. 558.)  A triable issue of

4

material fact exists if " 'the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof at trial.' " (*Ibid.*)

This court conducts a de novo review of the trial court's ruling on summary judgment, applying the same legal standard that governs the trial court. (*Calhoon v. Lewis* (2000) 81 Cal.App.4th 108, 112.) We construe respondent's evidence strictly and appellant's evidence liberally, and resolve any doubts as to the propriety of granting the motion in favor of appellant as the opposing party. (*Rancho Viejo LLC v. Tres Amigos Viejos LLC, supra*, 100 Cal.App.4th at p. 558.)

II

In *Knight v. Jewett* (1992) 3 Cal.4th 296 (*Knight*), the Supreme Court considered the proper application of the assumption of risk doctrine in light of its adoption of comparative fault principles in *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804. The court "distinguished between (1) primary assumption of risk—'those instances in which the assumption of risk doctrine embodies a legal conclusion that there is "no duty" on the part of the defendant to protect the plaintiff from a particular risk'—and (2) secondary assumption of risk—'those instances in which the defendant does owe a duty of care to the plaintiff but the plaintiff knowingly encounters a risk of injury caused by the defendant's breach of that duty.' [Citation.] Primary assumption of risk, when applicable, completely bars the plaintiff's recovery. [Citation.] The doctrine of secondary assumption of risk, by contrast, 'is merged into the comparative fault scheme, and the trier of fact, in apportioning the loss resulting from the injury, may consider the relative

5

responsibility of the parties.' " (*Cheong v. Antablin* (1997) 16 Cal.4th 1063, 1067-1068, citing *Knight, supra*, at pp. 308, 314-315.)

Although it addressed the assumption of the risk doctrine in the context of sports activities, *Knight* "provided an analytical framework for evaluating" the doctrine "in other contexts." (*Huffman v. City of Poway* (2000) 84 Cal.App.4th 975, 994 (*Huffman*).) Primary assumption of the risk applies when the court, "after examining the nature of the particular activity and the parties' relationship to that activity, concludes that a plaintiff engaged in the particular activity is harmed by the risks inherent in the activity." (*Id.* at p. 994.) When the risks are inherent, the defendant does not have a "duty to protect the plaintiff from those risks [citation] or to take steps to reduce those risks." (*Ibid.*; see also *Gregory v. Cott* (2014) 59 Cal.4th 996, slip opn. at p. 4 ["Primary assumption of risk cases often involve recreational activity, but the doctrine also governs claims arising from inherent occupational hazards."]; *Priebe v. Nelson* (2006) 39 Cal.4th 1112, 1116 [applying doctrine to bar kennel worker's claim against dog owner]; and *Saville v. Sierra College* (2005) 133 Cal.App.4th 857, 867-868 [applying doctrine to student injured while practicing takedown maneuvers in police officer training course].)

The doctrine of primary assumption of the risk, however, "does not grant unbridled legal immunity to all defendants." (*Campbell v. Derylo* (1999) 75 Cal.App.4th 823, 827.) "Although defendants generally have no legal duty to eliminate (or protect a plaintiff against) risks inherent in the sport itself, it is well established that defendants generally do have a duty to use due care not to increase the risks to a participant over and above those inherent in the sport." (*Knight, supra*, 3 Cal.4th at pp. 315-316.) Likewise,

6

when the doctrine is applied outside the sports context, summary judgment on primary assumption of risk grounds is unavailable unless the defendant disproves the theory it increased the inherent risks, or establishes a lack of causation between its conduct and the plaintiff's injury. (*Campbell v. Derylo,* at p. 830; *Lowe v. California League of Prof. Baseball* (1997) 56 Cal.App.4th 112, 123.)

III

As discussed, the primary assumption of the risk doctrine is not limited to recreational activities. As Fazio acknowledges, the doctrine has been applied "to other activities involving an inherent risk of injury to voluntary participants . . . where the risk cannot be eliminated without altering the fundamental nature of the activity." (*Beninati v. Black Rock City, LLC* (2009) 175 Cal.App.4th 650, 658.) In *Huffman*, *supra*, 84 Cal.App.4th 975, this court implicitly accepted the application of the doctrine to a theater actor who was injured when he fell through a trapdoor on the stage. We concluded the trial court properly rejected the application of the defense because substantial evidence supported its finding that the defendant stage owner "increased the risks beyond those inherent in" performing on stage by failing to adequately mark the trapdoor. (*Id.* at p. 995.)

While the application of the doctrine was not explicitly disputed in *Huffman*, our discussion of the doctrine in that case supports its application here. We agree with Fairbanks that falling off stage is an inherent risk for all stage performers. (*Huffman, supra*, 84 Cal.App.4th at pp. 993-995; see also *Nunez v. R'bibo* (1989) 211 Cal.App.3d 559, 563 [applying assumption of the risk to gardener who fell from ladder while

7

trimming tree].) That risk "cannot be eliminated entirely without altering the fundamental nature" of performing on stage. (*Beninati v. Black Rock City, LLC, supra*, 175 Cal.App.4th at p. 658.) As a result, Fairbanks was under no duty to protect Fazio from this inherent risk.

We agree with Fazio, however, that the trial court erred by granting summary judgment and finding "[t]here is no admissible evidence to create a triable issue whether defendant increased the risks of performing on a stage beyond the inherent risk." To obtain summary judgment, Fairbanks had the initial burden of production to "make a prima facie showing of the nonexistence of any triable issue of material fact" (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 850) as to each element of its assumption of the risk defense, including not increasing the inherent risks Fazio assumed by performing on stage. (See *Luna v. Vela* (2008) 169 Cal.App.4th 102, 122 (*Luna*) [defendant who moves for summary judgment on the issue of duty must establish its conduct did not increase risk of harm to participants.]; *Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 744 (*Huff*) [summary judgment properly denied where defendants did not meet their burden to show conduct did not increase risk of ATV riding].)

Fairbanks, however, contended only that falling off a stage is an inherent risk of performing on stage. It did not attempt to show it had not increased the risk of falling and failed to present any evidence to refute Fazio's claim its construction of the stage increased that risk. Fairbanks did not meet its initial burden to make a prima facie showing there was no triable issue of fact concerning this element of its defense. The burden, therefore, did not shift to Fazio to raise a triable issue of fact as to whether the

8

stage posed risks beyond those inherent in performing on stage. (*Luna, supra*, 169 Cal.App.4th at p. 112; see also *Vine v. Bear Valley Ski Co.* (2004) 118 Cal.App.4th 577, 591-592 [defendant's contention "merely that falling is an inherent risk" of snowboarding not sufficient to shift the burden to plaintiff].) Because Fairbanks did not meet its initial burden, summary judgment was not warranted.[1]

## IV

Even if we were to conclude Fairbanks had met its burden of persuasion, shifting the burden to Fazio to show a triable issue of material fact, we would not conclude summary judgment was appropriate. Fairbanks asserts that whether it unreasonably increased the risk concerns the scope of its duty, which is a legal question for the court. Therefore, according to Fairbanks, the trial court properly found as a matter of law that the configuration of the stage did not increase the risk to Fazio. Fazio, however, maintains that material questions of fact for the jury remain concerning whether Fairbanks's construction and placement of the stage increased the risk.

Court of Appeal decisions addressing the determination of whether increased risk is a legal question for the court or a factual one for the jury conflict. This court addressed the question in *Huff, supra*, 138 Cal.App.4th 732, a case involving an accident between two ATV riders. In opposition to the defendants' motion for summary judgment based on primary assumption of the risk, the plaintiff alleged the defendants had increased the

---

[1]    While this issue was not directly addressed in the parties' briefing, we did not request supplemental briefs because we conclude reversal is warranted on another ground.

inherent risks of the activity by violating various safety regulations. We reversed summary judgment on the grounds the defendant failed to meet its burden to show the defendants' violations of the rules did not increase the inherent risks assumed by the plaintiff. (*Id*. at p. 744.) But we also determined this issue was one for the court, not the jury. We remanded the case to the trial court with instructions to conduct a hearing, before impaneling a jury for trial, for the purpose of determining whether defendants breached their duty not to increase the inherent risk of a collision. (*Id.* at p. 745; see also *Towns v. Davidson* (2007) 147 Cal.App.4th 461, 472 [" 'It is for the court to decide whether an activity is an active sport, the inherent risks of that sport, and whether the defendant has increased the risks of the activity beyond the risks inherent in the sport.' "]; *American Golf Corp. v. Superior Court* (2000) 79 Cal.App.4th 30, 37 [same].)

Other Court of Appeal decisions have concluded the question of whether the defendant's conduct improperly increased the risks is for the jury. In *Solis v. Kirkwood Resort Co.* (2001) 94 Cal.App.4th 354, the plaintiff was injured when he skied onto a run that had been turned into a race course with jumps. The plaintiff alleged the run was not properly marked as a race course and, therefore, the defendant ski resort operator had improperly increased the risks. The defendant disputed the assertion the course was not properly marked, but argued that even if it was not marked, the plaintiff assumed this risk. (*Id*. at p. 365.) The court disagreed, reversing summary judgment and concluding that whether the defendant breached its duty not to increase the risks of the sport was "for the jury to decide." (*Id*. at p. 366; see also *Vine v. Bear Valley Ski Co.* (2004) 118 Cal.App.4th 577, 591-593 [whether design of snowboard jump increased inherent risks of

10

snowboarding is question for jury]; *Lowe v. California League of Prof. Baseball*, *supra*, 56 Cal.App.4th at p. 123 [whether distraction caused by activities of minor league baseball team's mascot increased inherent risk of spectator being hit by a foul ball "is an issue of fact to be resolved at trial"].)

Following our analysis in *Huff*, in *Shin v. Ahn* (2007) 42 Cal.4th 482 (*Shin*) the California Supreme Court addressed the analogous question of whether the trier of fact or the court, as a matter of law, determines if a defendant has breached a limited duty of care by engaging in reckless conduct outside the range of activity for which the plaintiff assumed the risk. (*Id*. at pp. 488-489.) *Shin* affirmed the denial of a motion for summary judgment by a golfer who struck another player with a stray ball. The court held the primary assumption of the risk doctrine was applicable to the sport of golf, but also concluded that "golfers have a limited duty of care to other players, breached only if they intentionally injure them or engage in conduct that is so 'reckless as to be totally outside the range of the ordinary activity involved in the sport.' " (*Id*. at p. 497.) The court held summary judgment was properly denied on the record before it, which was "too sparse to support a finding, as a matter of law, that defendant did, or did not, act recklessly." (*Id*. at p. 500.) The court then concluded the "jury will ultimately resolve [the question] based on a more complete examination of the facts." (*Ibid*.)

After *Shin* was decided, another Court of Appeal decision directly addressed whether the court or the trier of fact determines whether a defendant has breached its limited duty of care not to increase the risks of an activity to which the assumption of the risk defense applies. In *Luna*, *supra*, 169 Cal.App.4th 102, the plaintiff brought suit after

11

he was injured playing volleyball on a court set up by his neighbor in his neighbor's front yard. The 13-year-old plaintiff fractured his elbow after he ran after a ball that was hit into the street and tripped over a tie line the defendant had stretched across the sidewalk. (*Id*. at p. 105.)

The trial court granted summary judgment based on assumption of the risk, but, as occurred here, the court of appeal reversed because the defendant had failed to meet his burden to show the way in which he set up the volleyball court did not increase the inherent risks. (*Luna, supra*, 169 Cal.App.4th at p. 112.) The appellate court then looked to *Shin* to conclude that the question of whether the manner the defendant set up the court breached his limited duty not to increase the risk was a question for the jury: "Although the nature of the limited duties differ, the question whether a defendant golfer's conduct violated a sports participant's limited duty of care to a coparticipant is not fundamentally different from the question of whether a defendant homeowner who set up an informal recreational volleyball court violated his limited duty of care to the game's participants." (*Id.* at p. 114.) "In either case, on a sufficient record summary judgment may be proper. [Citation.] In both cases, however, if triable issues of material fact exist on the question of breach of that limited duty, the matter should be resolved by the trier of fact, not the court as a matter of law." (*Ibid.*)

In light of the Supreme Court's decision in *Shin*, we conclude as the *Luna* court did, that resolving the question of whether Fairbanks increased the risk of falling is properly decided by the trier of fact. This question "is not a matter of further defining [Fairbanks's] duty, which would be a question of law for the court. Rather, it requires

12

application of the governing standard of care (the duty not to increase the [inherent risks]) to the facts of this particular case—the traditional role of the trier of fact." (*Luna, supra*, 169 Cal.App.4th at p. 112.)

Here, as in *Luna* and *Shin*, disputed issues of material fact remain concerning whether Fairbanks breached its duty not to increase the inherent risks of falling from the stage.[2] Fairbanks does not dispute the stage had large gaps at its sides and the evidence on the adequacy of the lighting in the room at the time Fazio fell was conflicting. In addition, Herns testified he had never seen a stage assembled with gaps at the sides and opined that as a result of the gaps the construction of the stage fell below industry standards.[3] Construing this evidence in the light most favorable to Fazio, as we must, we

---

[2] After oral argument we asked the parties to address the importance of *Luna* and *Shin* to the issue of whether the court or the trier of fact determines whether the defendant's conduct increased the risk of harm. Fairbanks conceded these cases "arguably establish that the trier of fact determines whether a defendant breached the limited duty not to increase inherent risks where the result of disputed material facts is necessary" but maintains no such dispute exists here. As explained, we disagree with this assertion.

[3] Fairbanks, citing *Towns v. Davidson* (2007) 147 Cal.App.4th 461, asserts Herns's expert opinion cannot be relied on by the court because it constitutes a conclusion of law. Fairbanks did not object below to this portion of Herns's declaration. Further, the expert opinion disregarded in *Towns v. Davidson* was the legal conclusion that the defendant skier's conduct (skiing aggressively and recklessly) was not an inherent risk of skiing. (*Id.* at pp. 471-472.) Here, in contrast, Herns opined the configuration of the stage fell below industry standards. Herns's testimony contains information not apparent to those outside the event planning and stage construction industries, and properly informs the determination of whether Fairbanks's placement of the stage increased the risk of falling. (See *Huff, supra*, 138 Cal.App.4th at p. 745 ["Although the expert may not determine matters that are within the province of the court to decide, expert opinion may inform the court on these questions."].)

conclude that a reasonable trier of fact could conclude Fairbanks's placement of the stage increased the risk of falling.[4] (See *Rancho Viejo LLC v. Tres Amigos Viejos LLC, supra*, 100 Cal.App.4th at p. 558.)

V

Fairbanks contends that even if the assumption of the risk doctrine does not foreclose its liability, summary judgment was appropriate because it had no duty to configure the stage differently. As Fairbanks states, it has a general duty under Civil Code section 1747 to use ordinary care to maintain its premises in a reasonably safe condition.[5] The evidence at this stage of the proceedings, discussed above, does not establish as a matter of law that the manner in which Fairbanks configured the risers did not constitute a breach of its duty of care.

---

[4] This conclusion does not, as Fairbanks suggests, mandate all stages be placed flush against the walls. If the jury concludes its placement of the stage with gaps at the wall improperly increased the risk of falling, other safety measures might be adequate to preclude liability. A warning indicator such as brightly colored tape at the edge of the stage to alert performers of the gaps, might suffice.

[5] Fairbanks, relying on *Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, contends it cannot be liable because the gaps at the side of the stage were obvious. *Kinsman*, however does not limit Fairbanks's liability in the manner it asserts. Rather, that case holds a landowner may be liable to the employee of a contractor it hired when it "*does not retain control over the work*, if (1) it knows or reasonably should know of a concealed, pre-existing hazardous condition on its premises; (2) the contractor does not know and could not reasonably ascertain the condition; and (3) the landowner fails to warn the contractor." (*Id*. at p. 675, italics added.) Fairbanks did not argue it delegated any control of the premise to the booking agency that employed Fazio directly and it is not disputed that Fairbanks's employees constructed the stage. The rule announced in *Kinsman* is not applicable here.

14

Fairbanks also asserts summary judgment was warranted because the configuration of the stage did not constitute a dangerous condition. Fairbanks argues the configuration did not pose an unreasonable harm and Fazio could have avoided the risk of falling by exercising due care. "Whether a given set of facts and circumstances creates a dangerous condition is usually a question of fact. [Citation.] The issue of a dangerous condition becomes a question of law only where reasonable minds can come to only one conclusion." (*Huffman, supra*, 84 Cal.App.4th at p. 991.) On this record, "reasonable minds could differ on the issue of whether the condition of the stage posed a substantial risk of injury to the foreseeable user exercising due care." (*Ibid.*)

## DISPOSITION

The judgment is reversed. Appellant is awarded costs on appeal.

HALLER, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.