Filed 1/20/16  White v. City of Torrance CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL I. WHITE, | B257814 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC523616) |
| v. | |
| CITY OF TORRANCE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara Meiers, Judge.  Affirmed.

Michael I. White, in pro. per., for Plaintiff and Appellant.

John L. Fellows III, City Attorney, Patrick Q. Sullivan, Assistant City Attorney, and Della Thompson-Bell, Deputy City Attorney, for Defendant and Respondent.

# INTRODUCTION

Based on allegations that police officers mistreated him, plaintiff and appellant Michael I. White sued defendant and respondent City of Torrance (Torrance) for, among other things, assault and battery and false arrest. Torrance moved for summary judgment, citing White's admissions his allegations were incorrect. The trial court granted Torrance's unopposed motion. White appeals. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.     Factual background.

On November 1, 2012, the Torrance Police Department received a call about a suspicious person in a white Ford minivan. The person, a Black male adult, had been parked for over an hour and was watching vehicles and people come and go. The caller believed the person was "casing for auto burgs." In response, police officers Ryan Peterson and Joanna Warren went to the parking lot of the 24 Hour Fitness on Pacific Coast Highway. They saw White, who matched the description of the suspect. After White failed to heed a stop sign when exiting the parking lot and failed to signal before turning, the officers stopped him. On exiting his patrol car, Officer Peterson turned on his digital audio recording device.

Officer Peterson asked White to step out of the car, which White did. White said he had just bought rice from Whole Foods. When Officer Peterson told White about the call the police department received, White said he had done nothing wrong. Officer Peterson asked if White had anything in the minivan the officer should know about. White said he had knives for safety because he slept in his van, as he was homeless. The officer removed a knife from White's pocket. Although White had already given the officers his wallet, Officer Peterson felt a second wallet on White while patting him down.

Officer Peterson told White that as soon as White's license was validated, he could be on his way. Because Officer Warren noticed that White had a "guard card," she asked if White had guns in the van. White said he had BB guns, a nine millimeter gun, and

2

ammunition in the van. Officer Peterson asked if he could see the gun and make sure it was stored legally.

Officer Peterson told White he was free to go.

The encounter lasted approximately 28 minutes.

## II.  Procedural background.

On October 7, 2013, White filed a complaint against Torrance for (1) assault and battery; (2) false arrest; (3) malicious prosecution; (4) intentional infliction of emotional distress; (5) negligent hiring, supervision and retention of employees; and (6) constructive eviction of premises. White alleged that defendants choked him, sprayed him with mace, and "aggressively harassed, annoyed and belittled" him for sitting in his car. Handcuffed, White spent "several hours in a Cop Car for nothing." Although White alleged he did not go to jail, he also alleged he was "arrested without warrant and officers took Plaintiff into custody for no felony-Criminal crime other than to sit in his car." He was "prosecuted in a criminal proceeding over nothing," and "he spent one year fighting the criminal charges." White reported the incident to the Torrance Police Department. The officers, however, "lied on the report" by saying that White threatened to hurt them.

Torrance moved for summary judgment. In support of the motion, Torrance submitted the call detail report confirming that the police department received a call regarding a suspicious person in a vehicle. Torrance also submitted a written transcript of the audiotape from the encounter between White and the police officers. That transcript belied the allegations in the complaint and showed that after the officers questioned White and checked his identification, White left, without being handcuffed, placed in the police car or arrested. Torrance also relied on White's admissions at his deposition and in a letter that the allegations in his complaint were false. In his letter, for example, White said, regarding "the lawsuit . . . [a]ll those accusations I didn't say that. My paralegal . . . said or add all that. . . . What was in the file I said none of that. I gave him papers on what had happen and it wasn't what was in file. So the mishap is on the

3

paralegal.  I've told him to change it but it's been discords [*sic*].  So I Michael White never said that."

White did not oppose the motion or appear at the June 25, 2014 hearing on it. Noting the absence of an opposition and finding no triable issues of material fact, the trial court granted the motion for summary judgment.

Two days after the hearing, on June 27, 2014, White filed an opposition.  He then filed a motion for reconsideration on July 10, 2014, which the trial court denied. Judgment was entered on August 18, 2014.

White appeals the grant of summary judgment.[1]

## DISCUSSION

**I.       The standard of review from a grant of summary judgment.**

"We review a grant of summary judgment de novo.  [Citation.]  We assume the role of the trial court and redetermine the merits of the motion."  (*Calemine v. Samuelson* (2009) 171 Cal.App.4th 153, 160-161.)  Summary judgment is properly granted if the "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken" in support of and in opposition to the motion "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subds. (b)(1) & (c).)  A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense.  (*Id.*, subd. (p)(2).)  If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact.  (*Ibid.*; see also *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  Failure to file an opposing separate statement may, in the trial court's discretion, constitute sufficient

---

[1]      It is unclear whether White intended to appeal the order denying his motion for reconsideration.  To the extent he did, White failed to show what new or different facts, circumstances or law entitled him to reconsideration.  (Code Civ. Proc., § 1008, subd. (a).)

4

ground to grant the motion.  (Code Civ. Proc., § 437c, subd. (b)(3).)  But a court cannot grant summary judgment based only on the lack of opposition papers; the moving party still must meet its initial burden of proof.  (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1085-1087.)

**II.     Torrance met its burden of showing there were no triable issues of material fact as to any of White's causes of action.**

A.      *Assault and battery.*

White premised his assault and battery cause of action on allegations the officers "choked and sprayed" him with mace.  Torrance met its burden of showing that there was no triable issue of material fact as to this cause of action, because an assault and battery simply did not occur.  Rather, the audiotape of the incident shows that White was neither choked nor sprayed with mace.  White conceded at his deposition that he was not assaulted:

"Q.  . . . Did the male officer ever choke you at any time?

"A.  No.

[¶] . . . [¶]

"Q.  Did the female officer ever choke you at any time?

"A.  No.

"Q.  Did the male officer ever mace or pepper spray you?

"A.  No.

"Q.  Did the female officer ever mace or pepper spray you?

"A.  No."

Where, as here, there is a clear and unequivocal admission by the plaintiff that the alleged assault did not occur, "we are forced to conclude there is no *substantial* evidence of the existence of a triable issue of fact."  (*King v. Andersen* (1966) 242 Cal.App.2d 606, 610; see also *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21-22.)

B.    *False arrest*.

White alleged he was arrested and "spent hours" handcuffed in the police car.  The elements of false arrest are (1) defendant arrested plaintiff without a warrant, (2) plaintiff was actually harmed, and (3) defendant's conduct was a substantial factor in causing plaintiff's harm.  (CACI No. 1401; see also *City of Newport Beach v. Sasse* (1970) 9 Cal.App.3d 803, 810.)  Torrance's undisputed evidence showed that White was not arrested or handcuffed.  Instead, after about 28 minutes, White left, without being handcuffed, placed in the police car or arrested.  At his deposition, White denied ever saying that he was arrested or handcuffed:

"Q.  . . . And you were never arrested; correct?

"A.  No.  I never said I was.

"Q.  Okay.  And you were never handcuffed or placed in the back of the police car; correct?

"A.  Never said I was.

"Q.  Correct?

"A.  Right."

To the extent White's cause of action is based on allegations he was unlawfully detained, Torrance similarly met any burden of showing no triable issue of material fact.  A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific, articulable facts which, considered in light of the totality of the circumstances, provide an objective manifestation that the person detained may be involved in criminal activity.  (*Terry v. Ohio* (1968) 392 U.S. 1, 19; *People v. Souza* (1994) 9 Cal.4th 224, 231.)  Here, the police department received a call about a suspicious person in a white Ford minivan.  Responding to the call, the officers saw White, who matched the caller's description.  The officers then saw White make traffic violations, after which the officers stopped him.  These facts provided an objectively reasonable basis to detain White. (See generally *People v. Brown* (2015) 61 Cal.4th 968.)

C. *Malicious prosecution.*

"To prevail on a malicious prosecution claim, the plaintiff must show that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice. [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292; see also *Centers v. Dollar Markets* (1950) 99 Cal.App.2d 534, 540.) Here, Torrance's undisputed evidence established that "no prior action" was commenced against White; specifically, White admitted that criminal charges relating to the encounter were never filed against him.

D. *Intentional infliction of emotional distress.*

" 'The elements of the tort of intentional infliction of emotional distress: are " ' (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . . ' " ' " (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1001.) Torrance's uncontradicted evidence established that none of the conduct alleged in the complaint occurred. That "conduct" therefore could not form the basis for a cause of action for intentional infliction of emotional distress.

In any event, nothing amounting to extreme or outrageous conduct occurred during the encounter between White and the officers. It was undisputed that the police department received a phone call about a suspicious vehicle, and the caller thought that the vehicle's occupant was "casing" for auto burglaries. Officers Peterson and Warren responded to the call and saw White, who matched the caller's description of the suspect. The officers stopped White after he failed to heed a stop sign and to signal before turning. The officers questioned White for approximately 28 minutes and he was then told he was free to go. This undisputed evidence shows that the officers did not engage in extreme and outrageous conduct. (See generally *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1051

7

[liability for intentional infliction of emotional distress doesn't extend to mere insults, indignities, threats, annoyances, or petty oppressions].)

E.    *Negligent hiring, supervision and retention of employees.*

"An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." (*Roman Catholic Bishop v. Superior Court* (1996) 42 Cal.App.4th 1556, 1564.) Negligence liability will be imposed upon the employer if it "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038, 1054.)

White alleged that Torrance should have known that the police officers were unfit and incompetent and that their "unfitness led to the harassment"; namely, the choking, being sprayed with mace, the false arrest, and malicious prosecution. As we have said, Torrance's undisputed evidence established that the police officers did not engage in any of the alleged conduct. White's admissions that the officers did not engage in the conduct alleged in the complaint is fatal to this cause of action as well.

F.    *Constructive eviction of premises.*

White alleged, "Defendants committed a series of acts designed to and did deprive Plaintiff of the beneficial enjoyment of his civil rights by placing him in a police car for hours without just cause, which caused Plaintiff to abandon the premises after the abusive tactics of the Torrance Police Department." Although these allegations are vague, Torrance's undisputed evidence established that White was not "constructively evicted." Rather, White was homeless at the time of the encounter. He admitted he was not renting and did not have a lease. To the extent the cause of action was premised on the allegation White was detained in the police car for hours, White admitted he was never in the police officer's car.

8

**DISPOSITION**

The judgment is affirmed.  Defendant and respondent City of Torrance to recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, Acting P. J.

We concur:


LAVIN, J.


JONES, J.[*]

---

[*]	Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.