[Civ. No. 133.    Fifth Dist.    Aug. 3, 1962.]

JULIAN M. WILLIAMS et al., Plaintiffs and Respondents, v. QUINTEN ARCHIE WINTER et al., Defendants and Appellants.

Willis Mevis for Defendants and Appellants.

Bradley, Waggy, Bunker & Hislop for Plaintiffs and Respondents.

STONE, J.—Plaintiffs filed an action on a $5,000 promissory note, alleging as follows: that defendants induced plaintiffs to make the loan by executing a bill of sale to certain personal property; that the property was subject to a conditional sales contract and to a chattel mortgage; that by reason thereof plaintiffs received no security for their loan; that the prior encumbrances were not disclosed to plaintiffs; that defendants gave said bill of sale and concealed the facts with the fraudulent intent to obtain money from plaintiffs; that except for said written inducement plaintiffs would not have made the loan.

Plaintiffs further alleged that the due date of the note was extended from June 19, 1957, to January 1, 1958, by an agreement in writing. The complaint is concluded with the standard allegation of nonpayment, and that the same is due, owing and unpaid.

Defendants Winter and Sherwood Motors, by answer, set up the affirmative defense of an adjudication in bankruptcy, alleging: the listing of plaintiffs as creditors in the bankruptcy; plaintiffs' knowledge thereof; that the obligation is dischargeable in bankruptcy; and that defendants received their discharge. They also denied plaintiffs' allegations of fraud surrounding the transaction. Defendant Coker filed a similar answer, and additionally alleged affirmatively that the obligation is barred by the provisions of section 338, subdivision 4, California Code of Civil Procedure.

Plaintiffs then moved, pursuant to Code of Civil Procedure section 437c, for an order striking the answers of defendants, and for entry of summary judgment in favor of plaintiffs and against each defendant. Plaintiffs filed a declaration in support of the motion for summary judgment, setting forth evidentiary facts to support the ultimate facts alleged in the complaint. A memorandum of points and authorities accompanied the motion for summary judgment, citing the well established principle of law that any liability for obtaining money or property or credit by false pretenses or false representation or by a materially false statement in writing respecting the financial condition of the obligor made or published in any manner whatsoever with intent to deceive, shall not be dischargeable in bankruptcy.

Defendants filed a declaration in opposition to the motion for summary judgment and by way of answer to the declaration filed on behalf of plaintiffs. In the declaration it is alleged that the total encumbrance against the personal property was the sum of $1,004.06 and that the property had a reasonable value in excess of $6,500. Defendants also declared that negotiations for the loan were handled on behalf of plaintiffs by Chester Ashford, who was their agent; that Chester Ashford had negotiated loans for plaintiff Daisy Williams prior to the loan in question; that Chester Ashford had full knowledge of the encumbrances, which information he conveyed to plaintiff Daisy Williams. Further, it was alleged that all of the defendants were individually adjudicated bankrupt, citing the title and number of each proceeding; that the obligation was listed by defendants in the bankruptcy proceedings; that the debt is a dischargeable debt and that no fraud was perpetrated by defendants; that a discharge was received by each defendant. The declaration also stated that there was no change of possession of the personal property or recordation or publication of the execution of the bill of sale pursuant to Civil Code sections 3440 and 3440.1. Points and authorities were submitted on behalf of defendants in support of their counterdeclaration on motion for summary judgment.

The matter was argued, and taken under submission by the trial court. Thereafter an order was entered granting the motion to strike the answer, and for judgment in accordance with plaintiffs' complaint. A formal judgment followed the order, and defendants have appealed from the summary judgment.

It is quite apparent that the declaration and counterdeclara-

tion filed pursuant to the motion for summary judgment present issues of fact.

The function of the trial court, indeed the authority of the trial court, on a motion for summary judgment under Code of Civil Procedure section 437c is limited to a determination of whether facts have been presented by the declarations which present a triable issue in light of the pleadings.

If no justiciable issue is presented, the court may enter summary judgment. If a fact issue is presented, the motion must be denied. It is not within the province of the trial court to weigh the conflicting facts presented by the counteraffidavits or declarations. The governing rule has been summarized by Mr. Justice Traynor in *Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244], at pages 260-261, as follows:

" 'The issue to be determined by the trial court in consideration of a motion [for summary judgment] is whether or not [plaintiff or] defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case.' [Citations.] Summary judgment for plaintiff is proper only if the affidavits in support of his motion state facts that, if proved, would be sufficient to sustain judgment in his favor, and defendant does not 'by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact.' [Citations.] ''

The declaration of plaintiffs charges that defendants were guilty of fraud in securing the money evidenced by the promissory note upon which the complaint is predicated. Defendants deny the fraud by their counterdeclaration, thus presenting a triable issue which hinges upon a question of fact. It was held in *Mesmer* v. *White,* 121 Cal.App.2d 665 [264 P.2d 60], at page 671:

"Misstatement or suppression of facts is not fraudulent unless motivated by an intent to deceive or to induce another to enter into a contract (Civ. Code, § 1572), or unless it amounts to a breach of duty (§ 1573). The question of actual fraud is always one of fact. (Civ. Code, § 1574.)'' (See also *Fowler* v. *Brown,* 125 Cal.App.2d 450, 457 [270 P.2d 559].)

The outcome of this case must rest upon a determination of fact issues because section 17a, subdivision 2 of the Bankruptcy Act (11 U.S.C.A. § 35 (a2) p. 271 [as amended in 1960 supp. p. 26]), insofar as here pertinent provides:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, . . ."

In addition to the question of fraud or intent on the part of defendants, we also have a question of fact raised by the declaration of defendants that the loan was made through an agent of plaintiffs, that the agent was notified of all of the facts pertaining to the loan, and that this information was relayed by him to plaintiffs. Whether this person was, in fact, acting as an agent for plaintiffs, and if so whether the facts were disclosed to him as plaintiffs' agent, requires the taking of evidence and findings of fact.

In light of *Coyne* v. *Krempels, supra,* and the authorities cited therein, the trial court exceeded the scope of its jurisdiction in determining issues of fact on the motion for summary judgment.

The judgment is reversed.

Conley, P. J., and Brown, J., concurred.