[Civ. No. 11122.   Third Dist.   June 1, 1966.]

PIERRE FREDERICK KING, Plaintiff and Appellant, v. OLLIE LEE ANDERSEN et al., Defendants and Respondents.

CoBen, Cooper & Zilaff and Melvin J. CoBen for Plaintiff and Appellant.

Fitzwilliam, Memering, Stumbos & DeMers and Theodore D. Bolling, Jr., for Defendants and Respondents.

PIERCE, P. J.—Plaintiff Pierre King, while, or immediately after, shopping in a Payless Drug Store, was arrested for alleged shoplifting. After an acquittal of a charge of theft, King sued Payless, defendant Ollie Andersen, a security officer, and the owner (defendant Johnson) of the detective firm by whom she was employed, for (1) false arrest and (2) assault. The motion of defendants Andersen and Johnson for summary judgment was granted and plaintiff appeals.

The grounds of the trial court for granting summary judgment were that the evidence before the court upon which the motion for summary judgment was based showed without substantial conflict (1) that as a matter of law there was probable cause for the arrest, and (2) that there was no assault. We sustain the trial court's position.

A trial court must grant a motion for summary judgment by a defendant if it appears without substantial conflict from the affidavits, counteraffidavits and other documents upon which the motion is heard that no justiciable cause of action exists in favor of the plaintiff. (Code Civ. Proc., § 437c; *Aguirre* v. *Southern Pac. Co.*, 232 Cal.App.2d 636 [43 Cal. Rptr. 73].)     Use of depositions as well as affidavits in support of, or in opposition to, a motion for summary judgment is proper. (*Saporta* v. *Barbagelata*, 220 Cal.App.2d 463, 469 [33 Cal.Rptr. 661].)

In the case at bench the facts appeared by affidavit, counteraffidavits and by several depositions, including the plaintiff's. From this evidence the following is shown without controversy:

On January 25, 1963, plaintiff and his wife were shopping in defendant store for school supplies, a meat hammer and some drugs. Having obtained these items, plaintiff, as stated above, picked up a wrench in the tool department and put it in his pocket. He was observed by Miss Andersen, a security officer. The Kings went to one of a number of check-out stations (the customary check-out procedure in this self-help store) and laid all of the items selected on the cashier's counter excepting the wrench. That item remained in plaintiff King's pocket. The clerk at the check stand asked: "Will that be all?" Plaintiff answered: "Yes." The question and answer were repeated. The items displayed were paid for; not the wrench. It was not disclosed. The Kings then went through the station towards the garden or nursery department which was in a temporary front enclosure and roofed extension which were outside the check-out station. All of this having

been observed by Miss Andersen, she approached King. The evidence differs as to whether their meeting took place in or near the nursery as contended by King or in the vicinity of the parking lot as contended by Miss Andersen. It does not matter. King was asked whether he had paid for all of the purchases in his possession. He stated he thought he had and Miss Andersen then questioned him about the wrench in his pocket. King produced the wrench and was asked to accompany Miss Andersen into the office of the store, which he did voluntarily. The two were followed by another employee of the store. In the office King admitted he had not paid for the wrench and was asked to and did sign a statement to this effect.

In King's deposition the incident of his meeting with Miss Andersen is described as follows: "Q. Now, she never did lay her hands on you, did she? A. Yes. She took my arm. Q. When? A. When I was bent over and I straightened up. She took my left arm. She didn't apply any force or anything. Q. Took it or to draw your attention to what she was going to say? A. Well, excuse me. I will just show you. She just like that. No force applied. She just grabbed me by the arm. (Indicating) Q. Was that the only touching between you and her at all that day? A. To the best of my knowledge it was. Q. You handed her the bag? A. Yes. She asked me for it and I gave it to her. Q. And after she called your attention to the wrench you handed that to her also, did you? A. Yes. Q. She asked you to come with her? A. Yes. Q. Did she lead the way? A. Yes. She did. Q. And did you follow her? A. Yes."

On the basis of this evidence the alleged cause of action for false arrest may be disposed of summarily. A storekeeper, "on probable cause to believe a theft has been committed, may *detain* the suspected person for a reasonable time, to conduct an investigation in a reasonable manner." (2 Witkin, Summary of Cal. Law (1960) Torts, § 74, p. 1248, and cases cited.) ▪ The presence or absence of probable cause is a question of law for the court and not a jury question. (*Gibson* v. *J. C. Penney Co., Inc.*, 165 Cal.App.2d 640, 644 [331 P.2d 1057].) The trial court correctly concluded that "probable cause" was so clearly shown no triable issue in this regard existed. Appellant does not seriously seem to contend otherwise.

Scarcely less obvious to us is the fact that there was no substantial evidence of a triable issue on the question of the

alleged assault. Appellant points to an allegation in King's affidavit: "That, in fact, the said defendant with force greater than necessary to attract plaintiff's attention grabbed plaintiff's forearm in an offensive manner and demanded to inspect plaintiff's paper bag containing purchases." The allegation that the placing of her hand upon plaintiff was "with force greater than necessary to attract plaintiff's attention," whether to be considered an ultimate fact or a conclusion of law, does not constitute a factual statement requiring reversal. ▮ It is true that in ruling upon the propriety of a summary judgment a reviewing court will consider most liberally the affidavits filed on behalf of the party defending the motion, even considering ultimate facts and conclusions of law to the end that no case with a possible triable issue of fact will be disposed of summarily. (*Whaley* v. *Fowler*, 152 Cal. App.2d 379 [313 P.2d 97].) Where, as here, however, there is a clear and unequivocal admission by the plaintiff, himself, in his deposition, made not once but twice, that Miss Andersen "did not apply any force or anything," that there had been "no force applied"—sworn evidentiary facts which plaintiff could not possibly withdraw without committing the grossest perjury—we are forced to conclude there is no *substantial* evidence of the existence of a triable issue of fact. This being true, the concomitant rule, that properly invoked the purpose of section 437c is salutary since it undertakes the expedition of litigation by the elimination of needless trials, becomes applicable. (*Aguirre* v. *Southern Pac. Co., supra,* 232 Cal.App.2d 636, 641.)

The judgment is affirmed.

Friedman, J., and White, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.