48 Cal.App.3d 376 (1975)
121 Cal. Rptr. 768
NORMA LEASMAN, Plaintiff and Appellant,
v.
BEECH AIRCRAFT CORPORATION et al., Defendants and Respondents.
Docket No. 33052.
Court of Appeals of California, First District, Division One.
May 22, 1975.
*378 COUNSEL
J. Adrian Palmquist for Plaintiff and Appellant.
Bronson, Bronson & McKinnon, Jerald R. Cochran, Ericksen, Ericksen, Lynch & Mackenroth, Preston N. Ericksen and Richard G. Logan for Defendants and Respondents.
OPINION
MOLINARI, P.J.
(1) (See fn. 1.) Plaintiff appeals from a judgment granting defendants' motion for a summary judgment.[1] The issue presented is whether the trial court properly granted the motion.[2]
*379 A complaint for damages was filed by plaintiff against defendants alleging that on May 10, 1970, while riding as a passenger on a Beech Travelaire airplane a trim tab broke requiring the airplane to make an emergency landing, proximately causing injuries to plaintiff. The complaint alleged that plaintiff sustained "injury to her body and shock and injury to her nervous system and person," and that she "became sick, sore, lame, and disabled; all of which said injuries have caused and continue to cause said plaintiff great mental, physical, and nervous pain and suffering." The complaint alleges that the trim tab broke due to the negligent act or omission on the part of defendants in designing, manufacturing, servicing and testing the Beech Travelaire.
Defendants filed a motion for summary judgment. In support of their motion they submitted the depositions of plaintiff, Dr. James A. Sawtell, plaintiff's physician, Dr. Burton White, plaintiff's psychiatrist, and the declaration of the attorney for defendant Province.
In her deposition plaintiff testified that she did not sustain any physical injury as a result of the aircraft landing incident. Dr. Sawtell stated that plaintiff did not at any time complain to him about any injuries resulting from the incident. He testified that prior thereto he had been treating plaintiff for nervousness and depression, that plaintiff's condition has not worsened but improved since the incident. Dr. Sawtell stated that he never treated plaintiff for any injuries resulting from the aircraft landing incident.
Dr. White testified he first saw plaintiff two weeks prior to the filing of her complaint and that at that time she suffered "no physical injury of any kind." He stated plaintiff told him her husband suffered a loss as a result of the aircraft landing incident and that she agreed to go along with the suit in order to help him recover what he had lost on the plane. Dr. White testified that in his opinion plaintiff's emotional distress was a result of marital strife which had existed over the years. He also attributed plaintiff's emotional problems in part to menopause and alcohol consumption.
Plaintiff was sent an interrogatory which asked, "List separately and describe all of the injuries and complaints, whether physical, mental or emotional, which you claim to have sustained in this subject incident...." She answered, "Nervous condition that has interferred with my work, friends and marriage." When asked if she could explain the meaning of her answer to the interrogatory quoted above, she stated, "No, I don't know unless it is all the trouble I have caused since the incident *380 happened. I am being blamed with it, anyhow." She stated these were troubles she had caused since the incident and went on to explain that these consisted of marital difficulties.
In her counterdeclaration plaintiff stated that as a result of the May 10, 1970, incident she sustained severe shock and disturbance to her nervous system. She stated further that as "... a direct consequence of the disturbance and severe shock I received on May 10, 1970, I have suffered headaches more severe than any I have ever known. My arms and hands ache at times, and on occasions, my back stiffens up preventing sleep. In addition, during the past year, I have lost in excess of twenty-eight pounds due to my extremely nervous condition."
(2a) The purpose of the summary judgment procedure is to discover, through the media of affidavits, whether the parties possess evidence which demands the analysis of trial. (Saporta v. Barbagelata, 220 Cal. App.2d 463, 468 [33 Cal. Rptr. 661]; Kramer v. Barnes, 212 Cal. App.2d 440, 445 [27 Cal. Rptr. 895].) "A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact." (Saporta v. Barbagelata, supra, at p. 468; Burke v. Hibernia Bank, 186 Cal. App.2d 739, 743-744 [9 Cal. Rptr. 890].)
(3) Interrogatories and depositions may be used in support of or in opposition to a motion for summary judgment. (Desny v. Wilder, 46 Cal.2d 715, 725 [299 P.2d 257]; Vallejo v. Montebello Sewer Co. Inc., 209 Cal. App.2d 721, 734 [26 Cal. Rptr. 447]; Nizuk v. Gorges, 180 Cal. App.2d 699, 709 [4 Cal. Rptr. 565]; Kramer v. Barnes, supra, 212 Cal. App.2d 440, 444.) Admissions contained in depositions and interrogatories are admissible in evidence to establish any material fact. (Evid. Code, § 1220; see Bonebrake v. McCormick, 35 Cal.2d 16, 18-19 [215 P.2d 728]; Fibreboard Paper Products Corp. v. East Bay Union of Machinists, 227 Cal. App.2d 675, 706-707 [39 Cal. Rptr. 64].)
(2b) The determination whether facts have been adduced in the affidavits or declarations which present triable issues of fact is to be made in the light of the pleadings. (Coyne v. Krempels, 36 Cal.2d 257, 262 [223 P.2d 244]; Williams v. Winter, 206 Cal. App.2d 474, 477 [23 Cal. Rptr. 729]; Craig v. Earl, 194 Cal. App.2d 652, 655 [15 Cal. Rptr. 207].)
*381 (4a) In this case defendants established by the declarations of the doctors and plaintiff's deposition that she suffered no physical injury. In the interrogatory which asked plaintiff to explain her answer in the deposition she stated that the injuries, physical, mental and emotional which she sustained as the result of the incident were "the trouble I have caused since the incident," i.e., her marital troubles. It is only in her counterdeclaration that plaintiff purports to state facts in opposition to the motion for summary judgment. In this declaration plaintiff states that as a result of the May 10, 1970, incident, she has sustained "severe shock" and disturbance to her nervous system and that she suffered headaches as a "direct consequence of the disturbance and severe shock I received on May 10, 1970." She then states that her arms and hands ache, that her back stiffens up and that she has lost weight due to her nervous condition but does not state directly that these ailments resulted from the subject incident.
(5) There is no question that plaintiff is competent to testify to her injuries. (Capelouto v. Kaiser Foundation Hospitals, 7 Cal.3d 889, 896 [103 Cal. Rptr. 856, 500 P.2d 880].) It is also the rule in this state that the lack of impact to a person's body during an incident is not fatal to recovery in an action for personal injuries. (Amaya v. Home Ice, Fuel & Supply Co., 59 Cal.2d 295, 299 [29 Cal. Rptr. 33, 379 P.2d 513]; Vanoni v. Western Airlines, 247 Cal. App.2d 793, 795 [56 Cal. Rptr. 115].) A human body can suffer injury by shock, through the senses, to the nervous system and such a shock to the nervous system is an injury to the body rather than to the mind. (Vanoni v. Western Airlines, supra, at p. 797; Espinosa v. Beverly Hospital, 114 Cal. App.2d 232, 234 [249 P.2d 843]; see Dillon v. Legg, 68 Cal.2d 728, 739-740 [69 Cal. Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316].) However, "there can be no recovery for emotional distress or mental suffering unaccompanied by physical harm arising from acts which are solely negligent in nature." (Vanoni v. Western Airlines, supra, at p. 795; Espinosa v. Beverly Hospital, supra, at p. 234; Gautier v. General Telephone Co., 234 Cal. App.2d 302, 307 [44 Cal. Rptr. 404].)
In Vanoni we held that since a shock to the nervous system is an injury to the body, an allegation that the plaintiffs "`suffered severe shock to [their] nerves and nervous system[s]'" sufficiently stated a physical injury so as to overcome a general demurrer. (247 Cal. App.2d 793, 797.)
(4b) In the instant case plaintiff testified in her deposition and in her answers to interrogatories that she suffered no physical injury. Plaintiff at no time stated in either her deposition or her answers to interrogatories *382 that she suffered a shock to her nervous system. When asked in her deposition to explain the answer in her interrogatories that as a result of the subject incident she suffered "a nervous condition that has interfered with my work, friends and marriage" she attributed this nervous condition to marital troubles, part of which related to her husband's insistence that notwithstanding the incident he wanted to have another airplane. All of this proof offered by defendants in support of their motion would suffice to support a summary judgment in their favor on the basis that no physical injury was suffered by plaintiff unless it can be said that plaintiff's counterdeclaration presents a triable issue of fact in this respect.
(6) Under the rule that the affidavits of the party opposing a motion for summary judgment are liberally construed (Eagle Oil & Ref. Co. v. Prentice, 19 Cal.2d 553, 556 [122 P.2d 264]; Zellner v. Lasky, 13 Cal. App.3d 787, 789 [91 Cal. Rptr. 810]), it appears that plaintiff has presented sufficient competent evidence to present a triable issue of fact with respect to whether she sustained a physical injury in the subject incident. (4c) However, in view of plaintiff's admissions in her deposition and answers to interrogatories that she had suffered no physical injury as a result of the incident, the rule of liberal construction loses its efficacy and the granting or denial of the motion for summary judgment depends upon the issues of credibility. Accordingly, when a defendant can establish his defense with the plaintiff's admissions sufficient to pass the strict construction test imposed on the moving party (Eagle Oil & Ref. Co. v. Prentice, supra; Zellner v. Lasky, supra), the credibility of the admissions are valued so highly that the controverting affidavits may be disregarded as irrelevant, inadmissible or evasive. (See Bauman, California Summary Judgment: A Search For a Standard (1963) 10 U.C.L.A.L.Rev. 347, 353-354; and see D'Amico v. Board of Medical Examiners, 11 Cal.3d 1, 21-22 [112 Cal. Rptr. 786, 520 P.2d 10]; King v. Andersen, 242 Cal. App.2d 606, 610 [51 Cal. Rptr. 561]; Newport v. City of Los Angeles, 184 Cal. App.2d 229, 236-237 [7 Cal. Rptr. 497].)
In D'Amico we find the following pertinent statements: "Moreover, when discovery has produced an admission or concession on the part of the party opposing summary judgment which demonstrates that there is no factual issue to be tried, certain of those stern requirements [i.e., strict construction of affidavits against moving party and liberal construction of counteraffidavits] applicable in a normal case are relaxed or altered in their operation...." (At p. 21.) "The reasons for this attitude toward the legitimate products of discovery are clear. As the law recognizes in other contexts (see Evid. Code, §§ 1220-1230) admissions against interest have *383 a very high credibility value. This is especially true when, as in this case, the admission is obtained not in the normal course of human activities and affairs but in the context of an established pretrial procedure whose purpose is to elicit facts. Accordingly, when such an admission becomes relevant to the determination, on motion for summary judgment, of whether or not there exist triable issues of fact (as opposed to legal issues) between the parties, it is entitled to and should receive a kind of deference not normally accorded evidentiary allegations in affidavits. (See generally Bauman, California Summary Judgment: A Search For a Standard (1963) 10 U.C.L.A.L.Rev. 347, especially pp. 350-351, 357-360.)" (At p. 22.)
In King, an action for false arrest and assault, the plaintiff had stated in a prior deposition that no force was used. On a motion for summary judgment the deposition was utilized in support of the judgment. In his counteraffidavit the plaintiff stated that unnecessary force was used. The reviewing court upheld the granting of a summary judgment in favor of the defendants and the trial court's refusal to find that a triable issue was presented. (At p. 610.) The appellate court said: "... we are forced to conclude there is no substantial evidence of the existence of a triable issue of fact." In reaching this conclusion the court observed that the clear and unequivocal admissions by the plaintiff in his deposition constituted "sworn evidentiary facts which plaintiff could not possibly withdraw without committing the grossest perjury." (At p. 610.)
Similarly, in Newport, the plaintiff made admissions against interest in interrogatories and requests for admissions submitted by the defendant. The admissions were presented in support of a motion for summary judgment. The plaintiff, in his counteraffidavit, attempted to explain away his admission by contravening the underlying basis for his admissions. A summary judgment was upheld on the basis that the admissions effectively foreclosed the plaintiff's cause of action. (At pp. 236-237.)[3]
In sum, although liberally construed plaintiff's counterdeclaration standing alone suffices to present evidentiary facts showing that a genuine issue of fact exists, due regard for the issues of credibility in this case in the light of plaintiff's admissions obtained through the discovery procedures requires that we declare that as a matter of law the evidentiary facts stated in the counterdeclaration are irrelevant and evasive. Accordingly, defendants have met the burden of showing that *384 plaintiff's action has no merit and that this is a proper case for the granting of a summary judgment.
The judgment is affirmed.
Sims, J., and Elkington, J., concurred.
NOTES
[1] The notice of appeal states that the appeal is from an order granting a motion for summary judgment. Such an order is nonappealable. (Saunders v. New Capital for Small Businesses, Inc., 231 Cal. App.2d 324, 326 [41 Cal. Rptr. 703].) It appears, however, that the order was entered as a judgment and that both parties have treated the order as a judgment.
[2] The summary judgment in this case was entered prior to the effective date of the 1973 Summary Judgment Act, January 1, 1974. (Stats. 1973, ch. 366, p. 807, § 2.) Our review of the judgment therefore proceeds in the context of the pre-1974 summary judgment law.
[3] Both the King and Newport cases were cited with approval in D'Amico.