Filed 9/21/16

## CERTIFIED FOR PUBLICATION

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| EMMA ESPARZA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KAWEAH DELTA DISTRICT HOSPITAL,<br><br>    Defendant and Respondent. | F071761<br><br>(Super. Ct. No. VCU256571)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Quinlan, Kershaw & Fanucchi and David M. Moeck for Plaintiff and Appellant.

Weiss Martin Salinas & Hearst, Lisa M. Martin and Carol A. O'Neil for Defendant and Respondent.

This appeal from a judgment of dismissal raises the following question about proper pleading: What facts must a plaintiff allege to adequately plead he or she complied with the claims presentation requirement of the Government Claims Act?[1]

This question was answered in *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228 (*Perez*), where we held that "a plaintiff may allege compliance with the claims presentation requirement in the Government Claims Act by including a general allegation that he or she timely complied with the claims statute." (*Id*. at p. 1237, fn. omitted.)

In this case, plaintiff checked the boxes to item 9.a of the Judicial Council Form for pleading a personal injury cause of action and thereby alleged that she was required to comply with a claims statute and had complied with applicable claims statutes. Later in her pleading, plaintiff alleged that she "served a claim on Kaweah Delta District Hospital pursuant to Cal. Gov. Code §910 et seq. on or at December 3, 2013."

Plaintiff's additional allegation about serving a claim on or at a specific date does not contradict her general allegation of compliance. Consequently, applying the rule adopted in *Perez*, we conclude she adequately alleged compliance with the Government Claims Act and the demurrer should have been overruled. We publish this decision to confirm the holding of *Perez* and set forth our interpretation of the California Supreme Court's decision in *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983 (*DiCampli*). We do not read *DiCampli*, a summary judgment case that did not address the adequacy of the pleadings, as impliedly disapproving *Perez* or the rule allowing plaintiffs to plead compliance with the claims statutes using a general allegation.

We therefore reverse the judgment and remand for further proceedings.

---

[1] The act is set forth in division 3.6 of title 1 of the Government Code, which begins with section 810. All unlabeled statutory references are to the Government Code.

2.

## FACTS AND PROCEEDINGS

*The Medical Malpractice Claim*

Plaintiff Emma Esparza was hospitalized at defendant Kaweah Delta District Hospital[2] from about June 3, 2013, to about June 8, 2013. During her stay, defendant's employees administered the wrong dosage of a medication named Gentamicin to plaintiff. Specifically, they gave her 100 milligrams instead of the prescribed amount of 10 milligrams. The actions of defendant's employees breached the applicable standard care. This breach caused plaintiff to suffer vertigo, loss of hearing, balance issues, visions issues and other damages including, but not limited to, medical expenses.

*The Pleadings*

On June 2, 2014, plaintiff filed a medical malpractice action against defendant. The operative pleading in this case is plaintiff's second amended complaint, which consisted of a completed Judicial Council form PLD-PI-001 (rev. Jan. 1, 2007)—the form complaint for personal injury claims—and a one-page attachment.

The second amended complaint alleged: "Plaintiff is required to comply with a claims statute, and [¶] … has complied with applicable claims statutes …." Plaintiff made this allegation by checking the boxes for item 9.a on the Judicial Council form. The page attached to the form complaint included the additional allegation that plaintiff had "served a claim on Kaweah Delta District Hospital pursuant to Cal. Gov. Code §910 et seq. on or at December 3, 2013."

---

[2]     Plaintiff alleged that defendant Kaweah Delta District Hospital is an entity that is part of Kaweah Delta Health Care District, a public entity. In its demurrer, defendant stated that it is Kaweah Delta Health Care District and was erroneously sued as Kaweah Delta District Hospital. Defendant also stated that Kaweah Delta District Hospital is a division of the district.

3.

*The Demurrer*

Defendant demurred to the second amended complaint on the grounds that it failed to allege compliance with the Government Claims Act or, alternatively, its allegations were uncertain, ambiguous, or unintelligible with regard to compliance with the Government Claims Act. Defendant asserted plaintiff's allegation that she served a claim on defendant did not match up with the requirements of Government Code sections 910 and 915, subdivision (a). Defendant also asserted that the second amended complaint failed to state how it responded to plaintiff's claim—that is, whether defendant "acted on Plaintiff's government claim or was deemed to have rejected the claim by not acting on it." Based on these purported deficiencies, defendant contended that plaintiff failed to allege facts showing a disposition of her claim that would authorize her to file a complaint.

*The Trial Court's Ruling*

In November 2014, the trial court filed a minute order sustaining the demurrer without leave to amend. The minute order stated that the court could not discern from the facts stated in the second amended complaint if plaintiff's medical malpractice claims were "viable, time-barred, or that plaintiff timely presented a proper claim to [defendant] to comply with the requirements of the Government Claims Act." The minute order also stated plaintiff did not allege facts showing that she had presented her claim to defendant by one of the methods of service authorized by subdivision (a) of section 915 and defendant acted on her claim and rejected it or, alternatively, was deemed to have rejected it by failing to act within the statutory period. The minute order also noted plaintiff had not alleged facts showing she was excused from complying with the Government Claims Act.

In December 2014, a signed order sustaining the demurrer was filed by the trial court. In March 2015, after a motion to vacate and set aside the order sustaining the

4.

demurrer was denied, the trial court entered a judgment in favor of defendant. Plaintiff filed a timely notice of appeal.

## DISCUSSION

I.    STANDARD OF REVIEW

When a trial court sustains a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, the appellate court independently reviews the allegations and determines their sufficiency. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) When conducting this independent review, appellate courts "treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.]" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 (*Dinuba*).) Where a pleading includes a general allegation and an inconsistent specific allegation, the specific allegation controls over the inconsistent general allegation. (*Perez*, *supra*, 209 Cal.App.4th at p. 1236.)

II.    HOW TO ALLEGE COMPLIANCE WITH THE CLAIM REQUIREMENT

A.    <u>A General Allegation of Compliance Is Allowed</u>

In *Perez*, we discussed *State of California v. Superior Court* (2004) 32 Cal.4th 1234, Code of Civil Procedure section 459,[3] and *Ley v. Babcock* (1931) 118 Cal.App. 525, before concluding "that a plaintiff may allege compliance with the claims presentation requirement in the Government Claims Act by including a general allegation

---

[3]    Code of Civil Procedure section 459 provides in part: "In pleading the performance of conditions precedent under a statute …, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part required thereby …." In *Perez*, we concluded that this specific provision controlled over the general rule that statutory causes of action must be pleaded with particularity. (*Perez*, *supra*, 209 Cal.App.4th at p. 1237, fn. 3.)

that he or she timely complied with the claims statute."**4** (*Perez*, *supra*, 209 Cal.App.4th at p. 1237, fn. omitted.)  That discussion need not be repeated here because it already is published.  (*Id*. at pp. 1236-1237.)

In this appeal, defendant argues that *Perez* is no longer good law because it was decided two months before the California Supreme Court decided *DiCampli*, *supra*, 55 Cal.4th 983 and was implied overruled.  We disagree.

In *DiCampli*, a patient sued two surgeons and a county hospital for malpractice. (*DiCampli, supra,* 55 Cal.4th at pp. 987-988.)  The patient's attorney prepared a letter notifying the defendants, in accordance with Code of Civil Procedure section 364, of her intent to sue them for negligence.  (*DiCampli, supra,* at p. 987.)  The attorney personally delivered the letter to an employee of the medical staffing office in the hospital's administration building, but did not deliver a copy to the county's clerk or auditor or the clerk of the county's board of supervisors.  (*Ibid*.)  The county filed a motion for summary judgment, contending the patient failed to comply with the Government Claims Act because her claim was never presented to or received by a statutorily designated recipient as required by section 915.  (*DiCampli, supra,* at p. 989.)  The trial court granted the motion for summary judgment.  (*Ibid*.)  The court of appeal reversed the trial court, concluding the patient had substantially complied with the claim presentation requirements of the Government Claims Act.  (*DiCampli, supra,* at p. 989.)  The California Supreme Court reversed the court of appeal, which reinstated the order granting the county's motion for summary judgment.  (*Id*. at p. 998.)  The Supreme Court determined the plain language of section 915 required delivery of the claim to one of the

---

**4**     Restating this principle using language from the standard of review applicable to demurrers, we conclude:  When a pleading states that the plaintiff has complied with the claims statute, it has properly pleaded an ultimate fact—that is, the statement of compliance is not a conclusion of law.  (Cf. *Skopp v. Weaver* (1976) 16 Cal.3d 432, 437 [allegation that defendants were plaintiff's agents during the transaction in question is an averment of ultimate fact, not a conclusion of law].)

persons designated in the statute. (*DiCampli, supra,* at p. 992.) Consequently, the court rejected the statutory interpretation that allowed substantial compliance with the claim delivery requirement. (*Ibid*.)

For the reasons stated below, we conclude that the California Supreme Court's decision in *DiCampli* did not overrule *Perez* or otherwise disapprove the principle that the ultimate fact of compliance with the claims presentation requirement in the Government Claims Act can be pled using a general allegation.

First, *DiCampli, supra*, 55 Cal.4th 983, did not mention *Perez* or the adequacy of the pleadings before it. Consequently, the court did not explicitly disapprove *Perez* or its rule that a general allegation is sufficient to plead compliance.

Second, *DiCampli* cannot be interpreted as impliedly disapproving *Perez*. The applicable and long-established rule is that cases are not authority for propositions not considered. (*Vasquez v. State* (2008) 45 Cal.4th 243, 254.) It is important to note that *DiCampli* was not a pleading case and did not purport to address, in dicta or otherwise, what was necessary to plead compliance with the claims presentation requirement in the Government Claims Act. Instead, *DiCampli* addressed the merits of a motion for summary judgment, the proper interpretation of the claim delivery requirements in section 915, and whether there was a triable issue of material fact regarding the patient's compliance with the statutory delivery requirements. Consequently, *DiCampli* is not authority for the proposition that a general allegation of compliance with the claims presentation requirement is inadequate.

Our interpretation of the impact of *DiCampli* on *Perez* is supported by the fact that defendants have cited, and we have located, no published decision that concludes *DiCampli* implicitly disapproved *Perez*. A decision from the Second Appellate District issued a year and a half after *DiCampli* cited *Perez* for the following principle: "A plaintiff may allege compliance with the claims requirements by including a general allegation that he or she timely complied with the claims statute." (*Gong v. City of*

7.

*Rosemead* (2014) 226 Cal.App.4th 363, 374 (*Gong*).) The court in *Gong* did not explicitly consider the effect of *DiCampli* on *Perez* or even mention *DiCampli*. Consequently, *Gong* suggests that *Perez* was not impliedly overruled by *DiCampli*, but is not authority for that proposition. (*Vasquez v. State*, *supra*, 45 Cal.4th at p. 254.) To summarize, no court has explicitly interpreted *DiCampli* in the manner urged by defendants and at least one published decision has cited *Perez* with approval.

Based on the foregoing, we conclude the holding in *Perez* remains good law and plaintiffs are allowed to plead compliance with the claims presentation requirement in the Government Claims Act using a general allegation. Consequently, we apply the holding in *Perez* to the allegations made in plaintiff's second amended complaint.

B.     Plaintiff's Allegations of Compliance

1.     *The General Allegation*

Here, plaintiff checked the boxes for item 9.a on Judicial Council form PLD-PI-001 and alleged: "Plaintiff is required to comply with a claims statute, and [¶] … has complied with applicable claims statutes …." In comparison, the first amended complaint in *Perez* alleged: "'On January 15, 2010, Plaintiff filed a timely claim complying with the required claims statute.'" (*Perez*, *supra*, 209 Cal.App.4th at p. 1237.) We concluded this allegation was "sufficient to plead compliance with the claim presentation requirement of the Government Claims Act." (*Ibid*.)

First, we note that the inclusion of the word "timely" in the allegation made in *Perez* was not essential and does not distinguish it from the general allegation made in this case. An allegation that a plaintiff has "complied with applicable claims statutes" is reasonably interpreted as meaning the claim was timely. (*Dinuba*, *supra*, 41 Cal.4th at p. 865 [complaint given a reasonable interpretation by reviewing court]; Code Civ. Proc., § 452 [liberal construction of pleadings].)

8.

Second, defendant's argument that Judicial Council pleading forms are not demurrer-proof, while relevant, does not address directly to the adequacy of the allegations made in this case. (See *People ex. rel. Dept. of Transportation v. Superior Court* (1992) 5 Cal.App.4th 1480, 1482 [Judicial Council form complaints are not invulnerable to demurrer].) We agree with the general principle that Judicial Council form complaints are not invulnerable to a demurrer. Conversely, Judicial Council form complaints do not always fail to state a cause of action and, thus, they are not necessarily susceptible to demurrer. The logical implication from these polar opposite principles is that use of a Judicial Council form complaint is not a determinative factor in deciding whether or not to sustain a demurrer. Instead, a reviewing court must examine the particular allegations in the form pleading and determine whether those allegations satisfy the pleading requirements established by California law.

In this case, the pleading requirements established by California law are set forth in *Perez*. Applying the pleading requirement adopted in *Perez* to plaintiff's general allegation of compliance with applicable claims statutes, we conclude plaintiff's allegation was adequate under California law. Accordingly, we have not held plaintiff's allegations were adequate simply because they were made by checking boxes on a Judicial Council form complaint. Rather, plaintiff's allegation that she "has complied with applicable claims statutes" was adequate because it properly pleaded an ultimate fact and thereby satisfied the pleading requirements set forth in *Perez* and reiterated in *Gong*. As a result, a plaintiff is not required to specifically plead (1) the method of service used to present the claim to the defendant or (2) whether the defendant explicitly rejected the claim or, alternatively, was deemed to have rejected the claim by failing to act within the statutory period.

## 2. *The Additional Allegation and Its Effect*

Defendant's second challenge to the adequacy of plaintiff's pleading relates to the wording of the allegation in the attachment to the form complaint, which states she "served a claim on Kaweah Delta District Hospital pursuant to Cal. Gov. Code §910 et seq. on or at December 3, 2013." Defendant argues that this specific allegation is ambiguous and the ambiguity renders it inconsistent with plaintiff's general allegation of compliance. In particular, defendant emphasized the uncertainty and ambiguity created by the phrase "on or at" the specified date.

Our analysis of defendant's argument about inconsistency begins by defining the word "inconsistent." In the context of propositions, ideas and beliefs, "inconsistent" means "so related that both or all cannot be true or containing parts so related <~ statements>." (Webster's 3d New Internat. Dict. (1993) p. 1144.) Therefore, statements or allegations of fact are "inconsistent" when both cannot be true. (*McDonald v. Southern California Ry. Co.* (1894) 101 Cal. 206, 212.) For example, it is inconsistent for a plaintiff to state in a declaration that the defendant used force greater than necessary after testifying in a deposition that the defendant did not apply any force. (*King v. Andersen* (1966) 242 Cal.App.2d 606, 610.)

Here, plaintiff's general allegation of compliance can be true even if she served a claim on defendant on or at December 3, 2013. Therefore, her allegations are not inconsistent. Defendant's attempt to create inconsistency through ambiguity is not supported by a citation to authority and appears as little more than an effort to resurrect the long-abandoned common law rule that pleadings must be taken most strongly against the pleader. In *Perez*, we explicitly rejected this approach to interpreting pleadings because it was contrary to Code of Civil Procedure section 452's rule of liberal construction. (*Perez*, *supra*, 209 Cal.App.4th at p. 1238.) Consequently, we conclude that plaintiff's general allegation of compliance with the claims presentation requirement

10.

was not contradicted by or inconsistent with her allegation about service of her claim on or at December 3, 2013.

As a result, we conclude that plaintiff adequately alleged compliance with the claims presentation requirement in the Government Claims Act. Accordingly, the demurrer should have been overruled.

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its order sustaining the demurrer and to enter a new order overruling the demurrer and requiring defendant to answer the second amended complaint. Plaintiff shall recover her costs on appeal.

_____

FRANSON, J.

WE CONCUR:


_____

HILL, P.J.


_____

SMITH, J.

11.