Filed 1/14/21  Davidson v. City & County of S.F. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EVELYN DAVIDSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant and Respondent. | A159180<br><br>(City & County of San Francisco Super. Ct. No. CGC-18-563596) |

Plaintiff Evelyn Davidson, formerly an employee of defendant City and County of San Francisco (City), sued the City for disability discrimination, failure to provide reasonable accommodation, and failure to engage in the interactive process in violation of the California Fair Employment and Housing Act (FEHA).  The City successfully moved for summary judgment, and judgment was entered in its favor.

On appeal, Davidson argues that (1) the trial court erred in granting summary judgment, as she established a prima facie case on her disability discrimination claim and presented triable issues of fact as to each of her three claims; and (2) the trial court abused its discretion in striking a portion of Davidson's declaration submitted in opposition to the summary judgment motion.  We affirm.

1

## FACTUAL BACKGROUND

All of the facts set forth herein are undisputed unless otherwise noted. Only facts necessary to the resolution of the appeal are recited and additional facts are set forth within the discussion portion of this opinion.

In March 2016, Davidson began working for the City in a temporary position, with a six-month limit, as a Contract Compliance Officer in the Contract Monitoring Division (CMD). Around the same time, three other individuals were also hired by the City as temporary Contract Compliance Officers.

On her first day of work, Davidson had difficulty stepping up onto a sidewalk during a site visit with her supervisor, Ryan Young. Young helped her up onto the sidewalk and stated that he would get her a reasonable accommodation. They also discussed getting a good chair for Davidson to use in the CMD office. When Davidson returned to the office, she was directed to an area where there were available chairs but was not able to find a suitable one as they were all broken. There is no evidence in the record regarding who directed her to the area, whether Davidson was accompanied, or whether Young knew the chairs were broken.

In her declaration submitted in opposition to the summary judgment motion, Davidson stated that she told Young that none of the available chairs were appropriate. At her deposition, Davidson was asked whether she told Young that "none of [the chairs] sufficed?" She responded, "In so many words, yes." When asked for clarification, Davidson stated: "That means I didn't use your exact language. Maybe." Davidson was then asked whether she "found some way to

2

express to him [she was] unhappy with these available chairs?" Davidson responded, "Yes." When asked when she expressed that unhappiness to Young, Davidson stated that she had "no idea. Within . . . a few days later. At least a few days later. Maybe that same day. Maybe the next day." She then testified that she never told Young to get her a new chair, and did not recall "going to him and saying, you know, I need a chair that fits my circumstances."

On July 7, 2016, Davidson filled out a form seeking medical leave with an anticipated leave time through August 2016 for hip surgery. CMD's then interim director Romulus Asenloo testified that, sometime between July 7 and July 21, 2016, he began discussing the upcoming expiration of Davidson's employment term with Young. Davidson started her medical leave on July 29, 2016.

While on leave, Davidson requested to extend her leave to November 4, 2016. The City notified Davidson that Civil Service Rule 120.20 limited sick leave for temporary employees to three months, and thus it could approve Davidson's leave only through October 31, 2016. The City also provided Davidson with a reasonable accommodation request form. Davidson submitted the completed form on October 4, 2016, requesting use of a walker and restricted walking.

Davidson returned to work on November 1, 2016. Two weeks later, Davidson emailed a CMD benefits program manager to ask about the process for getting an ergonomic assessment or getting a specific type of chair. That same day, the City provided her with the training and self-assessment needed to initiate the process.

On December 9, 2016, Davidson's temporary employment period ended and her employment was terminated. While Davidson was

3

released at the expiration of her temporary employment period, the three employees who had started with Davidson were hired into permanent positions. According to the City, each of those employees had applied for a permanent position, whereas Davidson had not. There was no evidence in the record that Davidson could not apply for a permanent position.

Davidson subsequently received a letter from the City that her reasonable accommodation request had been approved. The letter was dated December 8, 2016, but she did not receive it until after her employment was terminated.

## PROCEDURAL BACKGROUND

On December 8, 2017, Davidson filed a complaint with the Department of Fair Employment and Housing (DFEH) alleging harassment, disability discrimination, and retaliation. She obtained a right to sue notice the same day.

On January 10, 2018, Davidson filed a complaint against the City alleging four causes of action: (1) disability discrimination under FEHA; (2) failure to provide reasonable accommodation under FEHA; (3) failure to engage in the interactive process under FEHA; and (4) violation of whistleblower protection under Labor Code section 1102.5.

The City moved for summary judgment. Davidson dismissed her whistleblower claim, but opposed the summary judgment motion as to her remaining three claims. The City made various objections to evidence submitted by Davidson in her opposition, including the paragraph of her declaration stating: "I told Mr. Young that none of the available chairs were appropriate." The City argued that this evidence contradicted Davidson's deposition testimony.

4

On September 18, 2019, the trial court issued a detailed ruling granting the City's summary judgment motion in its entirety. The trial court also struck the paragraph of Davidson's declaration stating that she had told Young "none of the available chairs were appropriate," but noted that, even if not stricken, the City was still entitled to summary judgment. Judgment was entered for the City and Davidson timely appealed.

## DISCUSSION

Davidson contends the trial court erred in granting summary judgment as she established a prima facie disability discrimination case and also presented triable issues of fact on each of her three claims. She further argues the trial court abused its discretion in striking the paragraph of her declaration stating she told Young that "none of the available chairs were appropriate." We address each argument in turn.

## I.    SUMMARY JUDGMENT

Code of Civil Procedure section 437c, subdivision (c), provides that summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit because one or more of its elements cannot be established or it is subject to an affirmative defense. (*Id.*, subds. (p)(2), (o)(1); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).) Once a defendant meets this burden, the burden shifts to the plaintiff to show the existence of a triable issue of material fact. (Code Civ. Proc. § 437c, subd. (o); *Aguilar*, *supra*, 25 Cal.4th 826 at p. 850.)

5

On appeal, we review orders granting a summary judgment motion de novo. (*Aguilar, supra,* 25 Cal.4th 826 at p. 860.) "We exercise 'an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law.' " (*Lockhart v. County of Los Angeles* (2007) 155 Cal.App.4th 289, 303.) We must " 'view the evidence in the light most favorable to plaintiff[ ] as the losing part[y]' and 'liberally construe plaintiff['s] evidentiary submissions and strictly scrutinize defendant's own evidence, in order to resolve any evidentiary doubts or ambiguities in plaintiff['s] favor.' " (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 96–97.) With these principles in mind, we turn first to Davidson's discrimination claim.

## A. Discrimination Claim

Discrimination claims under FEHA are analyzed using a three-step test. (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 354 (*Guz*).) First, the employee has "the initial burden to establish a prima facie [showing] of wrongful discrimination." (*Ibid.*) If the employee does so, the burden then shifts to the employer to produce "admissible evidence that its action was taken for a legitimate, nondiscriminatory reason." (*Id.* at p. 355–356.) If the employer produces this evidence, the burden then shifts back to the employee to "demonstrate a triable issue by producing substantial evidence that the employer's stated reasons were untrue or pretextual, or that the employer acted with a discriminatory animus, such that a reasonable trier of fact could conclude that the employer engaged in intentional discrimination or

6

other unlawful action." (*DeJung v. Superior Court* (2008) 169 Cal.App.4th 533, 553.)

In the context of a defendant seeking summary judgment, the test is applied such that the defendant bears the initial burden to show plaintiff's prima facie case is lacking and then, only if that burden is met, plaintiff is required to demonstrate a triable issue of fact. (*Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1730–1731.) "In this sense, upon a defendant's summary judgment motion in an employment discrimination action 'the burden is reversed . . . .' " (*Id.* at p. 1731, quoting *University of Southern California v. Superior Court* (1990) 222 Cal.App.3d 1028, 1036.)

Davidson contends the City failed its initial burden to show she failed to establish a prima facie case. Davidson further contends that, even if she did not establish a prima facie case, she raised a triable issue of fact regarding whether the City's stated reason for her termination was pretextual. We begin with the first step.

### 1. Prima Facie Case

The prima facie case for disability discrimination under FEHA requires an employee to prove that she: (1) suffered from a disability; (2) could perform the essential functions of the job with or without reasonable accommodation; and (3) was subjected to an adverse employment action because of her disability. (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 603 (*Jenkins*).) During summary judgment and on appeal, the City argues only that Davidson failed the third element: showing adverse employment action based on her disability.

7

An employee's prima facie burden is " 'not onerous,' " but she "must at least show ' "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a [prohibited] discriminatory criterion . . . .' " ' " (*Guz, supra*, 24 Cal.4th at p. 355.) An employee need only present evidence that "demonstrates, even circumstantially or by inference," that he or she was subjected to an adverse employment action because of a disability. (*Moore v. Regents of University of California* (2016) 248 Cal.App.4th 216 (*Moore*).)

Here, Davidson relies on the following to make her prima facie case: that (1) Asenloo "began discussing" Davidson's termination two weeks after Davidson sought medical leave for her hip surgery; and (2) the three other employees who started with Davidson were hired into permanent positions while she was not. These actions and circumstances, if left unexplained, suggest possible adverse employment action based on Davidson's disability. (*Mamou v. Trendwest Resorts, Inc.* (2008) 165 Cal.App.4th 686, 714 ["[I]t is enough for the plaintiff to present 'some other circumstance' that 'suggests' a proscribed motive"].) Accordingly, we conclude that Davidson made a prima facie showing on her discrimination claim.

## 2.  Legitimate Reason for Termination

As Davidson made a prima facie showing, we move to the second step – whether the City produced sufficient evidence that Davidson was terminated for a legitimate, nondiscriminatory reason.  (*Guz, supra*, 24 Cal.4th at pp. 355–356.)

In March 2016, Davidson was hired as a temporary employee with a limited six-month term.  She worked for five months (March through July 2016), and then was on leave until she returned in November 2016.  Accordingly, her temporary employment period expired in December 2016, and she was terminated.  Asenloo averred that his "sole consideration" in terminating Davidson was that her position was a temporary job.

As the expiration of a temporary employment term is a legitimate, non-discriminatory reason for termination, we conclude that the City met its burden on the second step.  (*Jenkins*, *supra*, 138 Cal.App.4th at p. 616.)

## 3.  Pretext

Moving on to the third step, the question becomes whether Davidson demonstrated a triable issue by producing "substantial evidence" that the City's stated reason for her termination—the expiration of her temporary employment term—was untrue or pretextual.  (*DeJung*, *supra*, 169 Cal.App.4th at p. 553.)  Davidson relies on the same circumstantial evidence as in her prima facie showing, arguing that (1) the "temporal proximity" between her request for leave and Asenloo's discussion of her termination; and (2) the comparative treatment of Davidson versus the three other employees

9

showed that the City's stated reason for her termination was pretextual. Neither argument is persuasive.

First, Asenloo's testimony makes clear that around July 2016, he began discussing the upcoming expiration of Davidson's employment term, an expiration date set pursuant to standard protocol, and *not* some new or different decision to terminate her. He testified that the discussion occurred because Davidson's employment term was set to expire right after she returned from leave, and thus he felt that Davidson should "at least get a heads up so she can get her affairs in order[.]" This evidence does not show pretext, but rather supports the City's position that it terminated Davidson because her temporary term had expired.

Second, Davidson's comparison to the other three employees is inapt. Comparative evidence is only probative if it shows disparate treatment between employees who are "similarly situated." (*Guz, supra*, 24 Cal.4th at p. 366.) Davidson was not similarly situated to the three other employees, as they all applied for permanent positions, whereas Davidson did not. While Davidson appears to explain her failure to apply by stating that she was never informed about the opportunity for a permanent position, she has not presented any evidence that the City provided some information to the other three employees that was not also available to her, and does not present evidence showing any inability to apply for a permanent position. This evidence does not show pretext, and is insufficient to satisfy Davidson's burden on the third step. We thus conclude that summary judgment was properly granted as to Davidson's disability discrimination claim.

## B. Reasonable Accommodation Claim

FEHA provides that it is an unlawful employment practice for an employer to "fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." (Gov. Code § 12940, subd. (m).) "Two principles underlie a cause of action for failure to provide a reasonable accommodation. First, the employee must request an accommodation." (*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 54 (*Gelfo*).) "Second, the parties must engage in an interactive process regarding the requested accommodation and, if the process fails, responsibility for the failure rests with the party who failed to participate in good faith." (*Ibid.*) Thus, while a reasonable accommodation claim is independent of an interactive process claim, "each necessarily implicates the other." (*Ibid.*)

Davidson argues that the trial court erred in granting summary judgment on her reasonable accommodation request because she raised triable issues of fact regarding her accommodation requests related to seating, walking, and extending her medical leave.

As to the seating accommodation, Davidson contends that there is disputed evidence that she requested an appropriate chair and cites *Moore* to support her position that the claim should survive summary judgment. *Moore* is not on point. In that case, the trial court had granted summary judgment on an employee's reasonable accommodation claim after concluding that an employee could not prevail on such a claim if she did not actually have a disability. (*Moore, supra,* 248 Cal.App.4th at p. 243.) The appellate court reversed as to that cause of action, explaining that an employee "need not have an

11

actual disability, but need only be regarded by the employer as having one, to be able to make out claims under section 12940, subdivisions (m) and (n)." (*Ibid.*)

Here, Davidson's disability is not in dispute. However, there is no evidence that Davidson requested another chair after Young directed her to the available chairs. At her deposition, Davidson testified that she never told Young to get her a new chair. Instead, she testified that she "found some way to express" that she was "unhappy with these available chairs." While no "particular form of request" (*Avila v. Continental Airlines Inc.* (2008) 165 Cal.App.4th 1237, 1252) or "magic words" are required, an employee must actually request an accommodation in order to trigger the employer's obligation. (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 444.) " '[T]he employee can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it.' " (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 954.) We agree with the trial court that some vague expression of Davidson's unhappiness was insufficient to satisfy her obligation to request an accommodation.

As to the walking limitation accommodation, Davidson argues that the City did not grant her request within a reasonable time, as she received the approval after she was terminated. But the City presented evidence that it followed up repeatedly when Davidson's physician returned incomplete forms, and sent the approval six days after receiving the completed forms. Davidson did not offer any contrary evidence showing that the City was responsible for the delay. (See *Gelfo*, *supra*, 140 Cal.App.4th at p. 62, fn. 22 ["Liability hinges on the

objective circumstances surrounding the parties' breakdown in communication, and responsibility for the breakdown lies with the party who fails to participate in good faith"].)

As to the leave accommodation, Davidson contends the City should have granted her request for leave until November 4, 2016, instead of requiring her to return on November 1, 2016 pursuant to Civil Service Rule 120.20. The trial court rejected this argument, citing *Hastings v. Department of Corrections* (2003) 110 Cal.App.4th 963 (*Hastings*) for the proposition that the City was not obligated to violate its civil service rules in order to accommodate Davidson. In that case, the appellate court concluded that an employee was not entitled to an accommodation that would reassign him to a position in a difference civil service classification. (*Hastings*, *supra*, 110 Cal.App.4th at pp. 976–977.) *Hastings* reasoned that its conclusion harmonized the FEHA with the civil service laws, and was consistent with the FEHA requirement that accommodations be "measured by the requirements of the position for which accommodation is sought . . . ." (*Id.* at pp. 966, 976–977.) We agree that these principles from *Hastings* apply here, as Davidson requested an accommodation that exceeded the leave allowed for temporary employees under Civil Service Rule 120.20. Davidson has not presented any authority to support her position that the City's shortening of her extension request by three days, pursuant to its civil service rules, shows a failure to provide a reasonable accommodation.

In sum, we conclude that the evidence presented by Davidson does not present a triable issue of fact on her reasonable accommodation claim. Summary judgment was properly granted on this claim.

13

## C. Interactive Process Claim

FEHA provides that it is an unlawful employment practice for an employer to "fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." (Gov. Code § 12940, subd. (n).) As described above, an employer's obligation to engage in the interactive process is inextricably linked to its duty to accommodate. (*Gelfo*, *supra*, 140 Cal.App.4th at p. 61.) "[T]he interactive process is designed to bring the two parties together to speak freely and to determine whether a reasonable, mutually satisfactory accommodation is possible to meet their respective needs." (*Id.* at p. 62.)

Similar to her reasonable accommodation claim, Davidson argues that there are triable issues of fact regarding her seating, walking limitation, and leave accommodation requests. We again find the arguments unpersuasive.

As to the seating accommodation, Davidson was directed to the area with available chairs after her discussion with Young at the site visit. When Davidson emailed about getting an ergonomic assessment or specific type of chair, the City promptly provided Davidson with the training and self-assessment needed to initiate the process. Davidson's vague expression of unhappiness did not trigger further obligations by the City, and given the City's participation following Davidson's specific ergonomics request, did not result in a breakdown of the interactive

process.  (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986.)

As to the walking limitation accommodation, the uncontradicted evidence presented shows that Davidson was responsible for the delay in approving that request.  (See *Gelfo, supra*, 140 Cal.App.4th at p. 62, fn. 22.)  As to the leave accommodation, the City granted Davidson an extension of leave from August through October, explaining that it was shortening the requested extension by three days pursuant to Civil Service Rule 120.20.  There is no evidence that the City failed to participate in good faith in processing either request.

In sum, we conclude that the evidence presented by Davidson does not present a triable issue of fact on her interactive process claim. Summary judgment was properly granted on this claim.

## II.    EVIDENTIARY RULING

Davidson argues that the trial court abused its discretion in striking the paragraph of her declaration stating she told Young that "none of the available chairs were appropriate," as it impacted her ability to establish her reasonable accommodation and interactive process claims.

Courts generally review evidentiary rulings on summary judgment for abuse of discretion.  (See *Mackey v. Bd. of Trustees of CSU* (2019) 31 Cal.App.5th 640, 657 (*Mackey*) [" 'The weight of authority holds that an appellate court reviews a court's final rulings on evidentiary objections by applying an abuse of discretion standard' "].) While there is some question as to whether a de novo standard should apply to evidentiary rulings made solely on summary judgment papers, courts have reviewed the decision not to consider evidence presented

15

for the first time at the summary judgment hearing for an abuse of discretion.  (See, e.g., *Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1190–1191.)  Accordingly, we proceed under the abuse of discretion standard, which provides that the "party challenging an evidentiary ruling bears the burden of establishing the court exceeded the bounds of reason."  (*Mackey*, *supra*, 31 Cal.App.5th at p. 657.)

The consideration of contradictory evidence on summary judgment was addressed by the California Supreme Court in *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1 (*D'Amico*).  In general, doubts as to the propriety of granting a summary judgment motion should be resolved in favor of the plaintiff, and affidavits submitted by the plaintiff should be liberally construed.  (*Id.* at 20.) *D'Amico* explained, however, that this general rule is "relaxed or altered" when discovery has produced an admission or concession by the plaintiff demonstrating there is no factual issue to be tried.  (*Id.* at p. 21.)  For example, where " 'there is a clear and unequivocal admission by the plaintiff, himself, in his deposition . . . we are forced to conclude there is no *substantial* evidence of the existence of a triable issue of fact.' "  (*Ibid.*, quoting *King v. Andersen* (1966) 242 Cal.App.2d 606, 608.)  Courts have subsequently applied *D'Amico* to exclude evidence where a plaintiff's deposition testimony and later declaration are contradictory or in conflict.  (*Benavidez v. San Jose Police Dept.* (1999) 71 Cal.App.4th 853, 862–863; *Scalf v. D. B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1525.)

At her deposition, Davidson testified that she did not say exactly that "none of [the chairs] sufficed," but instead "found some way" to

16

express to Young that she was "unhappy with these available chairs[.]" She testified that she never told Young to get her a new chair, or "a chair that fits [her] circumstances." Then, in her declaration submitted in opposition to summary judgment, she stated that she told Young that "none of the available chairs were appropriate." The trial court did not "exceed[] the bounds of reason" in determining that this paragraph in Davidson's declaration was contradictory to her previous deposition testimony and, therefore, it did not abuse its discretion in striking the paragraph. (*Mackey*, *supra*, 31 Cal.App.5th at p. 657.)

## DISPOSITION

Judgment is affirmed. Defendant is entitled to recover its costs on appeal.

_____
Petrou, J.

WE CONCUR:


_____
Siggins, P.J.


_____
Jackson, J.


A159180/*Davidson v. City and County of San Francisco*

18